FILED
CLERK

2015 JUN 2?   ⊔ ⊔ ⊔

GLEESON, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

JANE DOE,

                           Petitioner,

           -against-

UNITED STATES OF AMERICA,

                         Respondent.

------------------------------------------------------x

**NOTICE OF MOTION**

Dkt. No.

**MISC15-1174**

PLEASE TAKE NOTICE,  that upon the annexed declaration of Mitchell A. Golub, Esq.,

the Notice of Motion, and upon all prior proceedings held herein, the undersigned attorney

of record for the Petitioner Jane Doe, will move this Court the Honorable John Gleeson,

presiding,  on  submission, for an Order:

      (1) Expunging her twelve year old Fraud Conviction because of the undue hardship

it is causing her in getting and keeping

Dated:  June 23, 2015
         New York, New York

                                     Respectfully submitted,

                                     Mitchell A. Golub, Esq.
                                     Attorney for Petitioner
                                      Jane Doe
                                     Golub & Golub, LLP
                                     225 Broadway - Suite 1515
                                     New York, N.Y. 10007
                                     (212) 693-1000

1

To:   The Honorable John Gleeson
      United States District Judge

      Clerk of the Court (JG)
      Eastern District of New York

      The Honorable Kelly T. Currie
      Acting United States Attorney
      Eastern District of New York
      By: Catherine Mary Mirabile, Esq.
         Assistant United States Attorney

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JANET FOSTER,

                               PETITIONER,

     -against-

UNITED STATES OF AMERICA,

                               RESPONDENT.

-----------------------------------------------------------x

**DECLARATION**

Dkt. No.

Mitchell A. Golub declares, pursuant to 28 U.S.C. § 1746:

1. I am counsel for the Petitioner Jane Doe and submit this Declaration in support of her Petition for Expungement of her conviction under Docket No. 02-Cr-1077 (JG) under the name Janet Foster.

2. In a recent decision your Honor expunged the thirteen-year old conviction for another Jane Doe under docket number 14-MC-1412 (JG), because of undue hardship in getting and keeping jobs. I write the Court to request consideration of the same relief for the Petitioner.

### Background of the Offense

3. In 2003, Petitioner was convicted after trial of participation in an insurance fraud scheme. In the scheme she was the driver of one of the vehicles found to have participated in a fabricated accident. As a result of the accident claims were filed with insurance companies for bodily injury by her and passengers in her vehicle and the other

1

vehicle involved in the accident . The Petitioner was sentenced to 15 months on multiple counts (2-7) to run concurrently to be followed by 3 years of supervised release on each count, also to run concurrently. The Petitioner served her sentence.

4. In 2012, the Petitioner was resentenced. At resentencing the Petitioner received a sentence of 11 months on multiple counts (2-7) to run concurrently with the Court noting that the Petitioner had already served her time. Since the Petitioner had already completed her previously imposed term of supervised release, no further supervision was imposed.

### Background of the Petitioner

5. The Petitioner is a Licensed Practical Nurse in New York. As a result of this conviction the Petitioner was found guilty of professional misconduct. As a penalty she received a 2 year suspension with the last year of the suspension stayed. She was also placed on 2 years Probation. A permanent record of that punishment, and the reasons for its imposition appears on the New York State website for professionals. In the summary of NYS Professional Discipline for the Petitioner it indicates that: "Licensee was found guilty of having been convicted of Mail Fraud and Health Care Fraud, both felonies."[1]

6. The professional consequences of her conviction did not end there. In the years since her conviction, the Petitioner has repeatedly obtained employment only to later lose

---

[1] The information comes up on a search of the website NYSED.gov, which is the website for the Office of the Professions. A printout of the Petitioner's Discipline summary is attached.

it upon having the employer do the background check on the government website or otherwise conducting a criminal background check. This has been going on since her conviction. To put it in perspective, the Petitioner has been discharged a half dozen times in just the last two years for this reason. Without a change, this pattern will continue without end going forward.

### Requested Relief

7. The Petitioner is seeking expungement of her conviction. The reasons for this application mirror those that this Court found compelling for Jane Doe in docket 14-MC-1412. First, the conviction is distant in time and nature from her present life. In the case of the Petitioner, the fraud took place 15 years ago and she was sentenced 12 years ago. She completed her sentence of jail and supervision 8 years ago. She has not been re-arrested, let alone convicted in all those years.

8. Second, the Petitioner has demonstrated that her criminal record has had a dramatic adverse impact on her ability to work. She has been repeatedly terminated from existing employment once background checks on her are completed.[2] Moreover, it has been established that recidivism rates decline as age increases. The Petitioner is currently 56 years old. As the Court noted in your decision on Jane Doe, a long period of law-abiding conduct after a conviction lowers the risk of recidivism to the same level as someone who has

---

[2] Typically, the Petitioner has been interviewed and hired for positions. The employers thereafter carry out the background check which has led to her subsequent discharge from her positions.

3

never committed a crime.

9. Further support for the proposed relief can be drawn from the fact that adverse employment consequences of old convictions are excessive and counter-productive. In the Petitioner's case there is no justification for continuing to impose this disability on her. A sentence of 15 months, (later reduced after completion to 11months) plus 3 years supervised release is not suppose to lead to a lifetime of unemployment.

10. Finally, the argument that prospective employers must know about this conviction because it took place in the health care field is not valid. The Petitioner's conviction did not arise out of her work as a licensed practical nurse. There has never been an issue in the care provided by the Petitioner for the patients she cared for. Her temporary suspension of her license was strictly the result of her criminal conviction in this case. It had nothing to do with any alleged misconduct in her work as a nurse. Moreover, nothing in her work as a nurse played in part in her participation in the crime.

### Conclusion

For the reasons set forth above, it is respectfully requested that this Court enter an Order expunging the Petitioner's conviction.

Dated: New York, New York
June 23, 2015

Respectfully submitted,

Mitchell A. Golub

4



**Janet Foster, Jamaica, NY**

**Profession:** Licensed Practical Nurse; Lic. No. 268579; Cal. No. 22369
**Regents Action Date:** September 12, 2006
**Action:** Found guilty of professional misconduct; Penalty: 2 year suspension, execution of last year of suspension stayed, probation 2 years.
**Summary:** Licensee was found guilty of having been convicted of Mail Fraud and Health Care Fraud, both felonies.