UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JANE DOE,

                       Petitioner,

     -against-

                                                         Dkt. No. 15-MC- 1174 (JG)

UNITED STATES OF AMERICA,

                       Respondent.
----------------------------------------------------------x

## REPLY MEMORANDUM OF PETITIONER JANE DOE
## IN SUPPORT OF MOTION TO EXPUNGE

                                                                 MITCHELL A. GOLUB
                                                                 Attorney for Petitioner
                                                                  JANE DOE
                                                               GOLUB & GOLUB, LLP.
                                                               225 Broadway - Suite 1515
                                                               New York, New York 10007
                                                               (212) 693-1000

**PRELIMINARY STATEMENT**

Jane Doe, (the "Petitioner") submits this Reply Memorandum in response to the Government's Memorandum in opposition to Petitioner's motion to expunge her prior felony convictions. For the reasons set forth in this Memorandum and in the prior submissions, the Court should grant the Petitioner's motion to expunge her prior felony convictions. Additionally, while it is the Petitioner's position that the Court has the authority to issue a "Certificate of Rehabilitation", she does not believe that such a Certificate will have the same weight and affect as expungement in assisting the Petitioner's future attempts at employment in the nursing field.

**STATEMENT OF FACTS**

The Petitioner does not dispute the Statement of Facts as set forth in the Government's Memorandum. However there are additional facts that should be considered by the Court in putting this matter into the proper perspective.

<u>Employment subsequent to the Petitioner's conviction</u>

The Government notes that the Petitioner worked for three separate agencies from 2008-2011, a period of time following her conviction and subsequent temporary suspension of her nursing license. They note that none of these positions were denied because of her conviction. What distinguished those groups from subsequent attempts at employment is the fact that she worked for them prior to her convictions. As such they did not run a

1

background check prior to placing her in new positions.[1] (Deposition transcript pages 47:16-48:18). The Petitioner's post-conviction employment problems began once she started seeking employment from agencies she did not have a relationship with prior to her conviction.

**ARGUMENT**

The Court Has Jurisdiction to Expunge the Conviction

In considering expungement in Doe v. United States, 14 MC 1412(JG) this Court noted the Government did not challenge the Court's jurisdiction in that matter. Nevertheless the Court undertook an analysis to satisfy itself that it in fact had jurisdiction prior to acting on that application. In the present case the Government has taken the position that the Court does not have jurisdiction, relying principally upon the Supreme Court's decision in Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). That decision held the Supreme Court has ancillary jurisdiction of collateral proceedings to instances where it is necessary "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and"(2) to enable a court to function successfully , that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." In taking a narrow view of that decision, the Government has argued that this Court does not have ancillary jurisdiction over a request for the expungement of a valid criminal conviction for equitable reasons.

---

[1] The Petitioner did not voluntarily tell them of her conviction.

The Court should reject the Government's position. As this Court previously noted, an application for expungement by necessity is informed by the facts underlying the conviction and sentence as well as the extensive factual record created while the petitioner was under supervision. The public record of that conviction is created as a by-product of the conduct of federal-court business. Accordingly, the consideration of an application for expungement is without question essential to the conduct of federal-court business. This is precisely the type of matter the Supreme Court would envision the subject of ancillary jurisdiction.

Petitioner Has Established Extreme Circumstances Warranting Expungement

The Petitioner was convicted of health care and mail fraud. Neither charge had any relation to her work as a licensed practical nurse. Despite that, those convictions have had a long term adverse effect on her ability to obtain employment more than a decade after serving her term of imprisonment. As this Court noted in the prior Doe decision cited, the adverse consequences of old convictions are excessive and counter productive. There is no justification for a prior conviction to impose a disability on someone that amounts to a lifetime of unemployment.

As noted in the Statement of Facts, the Petitioner was able to initially maintain employment following her release from prison and subsequent temporary suspension of her license by going back to work for agencies that had employed her prior to her conviction. Because she had a prior track record with them, they did not do a background

check prior to assigning her new jobs. However once those agencies were no longer in the picture, Petitioner's situation changed drastically. Every prospective employer going forward conducts a background check. The check reveals her convictions. That ended her possibility of employment with them.

The Government through their questioning in the deposition elicited the fact that only two prospective employers explicitly told Petitioner that she was not being hired by virtue of the criminal conviction. After around 30 years in the field the Petitioner knew the reason she did not get jobs she was applying for. As she noted in her deposition, in the past, they would only interview you if a job was currently available. After a good interview, it was only a formality of getting the starting date for the job. (Deposition Pages 58:24-60:7, 66:21-67:16) The unspoken factor in her loss of positions she sought or already obtained was the employer's discovery of her conviction. The fact that only a few prospective employers told her outright that her conviction was the reason she was denied employment, the surrounding facts make clear that was the unspoken reason.

The Court Has Authority To Issue a Certificate of Rehabilitation

The Government has argued that the issuing of Certificate of Rehabilitation does not fall within the Court's ancillary jurisdiction for the same reasons it has argued the Court cannot expunge a conviction. As argued above, it is submitted that the Government is incorrect in that assertion and the Court does have ancillary jurisdiction over the expungement application. Likewise, it is submitted that a Certificate of Rehabilitation falls

within the purview of actions that are essential to the "conduct federal-court business." As such, the Court has ancillary jurisdiction to issue such a certificate.

Although Petitioner argues the Court can issue a Certificate of Rehabilitation, it is submitted that would be an inadequate remedy in this case. The Certificate of Relief from Disabilities and the Certificate of Good Conduct; the closest analogies under New York State law to the Court's proposed certificate, are illustrative of why a federal certificate would not provide the Petitioner the relief she seeks. Both certificates are geared toward restoring civil rights an individual is deprived of when convicted of a crime. See https://www.parole.ny.gov/certrelief.html.[2] Thus while the certificate may remove the legal bar to apply and be considered for employment or a license, it does not guarantee it will be granted. As a practical matter these certificates have their greatest impact on positions in the public sector. Somebody previously barred from seeking employment with a government agency might be able to do so once they have the certificate.

However, that will have no practical effect in the private sector where virtually all the employment for the Petitioner are situated. All the prospective employer will see is the conviction. That alone will effectively bar future employment even if the Certificate means there is no legal bar.

For that reason, although Petitioner believes the Court has the authority to grant such a certificate, if the Court's intention is to insure her prior conviction is not a lifetime bar to

---

[2] A copy of the linked page is annexed to this memorandum.

employment, the most effective remedy is the expungement of her conviction.

## CONCLUSION

For the reasons set forth above and in the prior submission, it is respectfully submitted that the relief sought herein be granted.

Dated:  New York, New York
    September 30, 2015

                              Respectfully submitted,

                                    /s/
                              Mitchell A. Golub, Esq.
                              Attorney for Petitioner
                                Jane Doe
                              Golub & Golub, LLP
                              225 Broadway - Suite 1515
                              New York, N.Y. 10007
                              (212) 693-1000