

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

BWB:DKK
F.#: 2015R01116

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 22, 2015

By ECF

The Honorable John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Jane Doe v. United States of America
           Docket No. 15-MC-01174 (JG)

Dear Judge Gleeson:

        The government submits this letter in response to the Brief of Amica Curiae Margaret Colgate Love, dated October 8, 2015 ("Amica Br."). (See Dkt. No. 14-1.) Amica Curiae argues that this Court has the power to grant the petitioner some unspecified form of relief, ranging from vacating her judgment of conviction to the issuance of an order that "the relevant conviction not be considered," by issuing a writ of *audita querela*.[1] This Court should reject that argument.

        First, this Court lacks jurisdiction to issue a writ of *audita querela*. As Amica Curiae recognizes, it is the All Writs Act ("AWA") that would grant a court authority to issue such a writ. (Amica Br. at 1.) But the AWA "does not confer an independent basis of jurisdiction; it merely provides a tool courts need in cases over which jurisdiction is conferred by some other source." United States v. Tablie, 166 F.3d 505, 507 (2d Cir. 1999) (denying request to expunge conviction for equitable reasons based on the AWA and writ of *audita querela*); accord, e.g., Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 333-34 (2d Cir. 2006). No such "other source" confers jurisdiction here. As the government's brief of September 2, 2015, showed, this Court lacks jurisdiction over this case because no Constitutional provision, statute, or other law creates jurisdiction, and the Court's ancillary jurisdiction does not stretch so

---

[1] Amica Curiae also argues that, "in a deserving case, the Court can and should recommend a presidential pardon to alleviate collateral consequences of conviction, based upon a finding of rehabilitation." (Amica Br. at 25.) The government does not contend this Court lacks the power to do so.

far as to encompass petitioner's claim.  (See Dkt. No. 8.)  Therefore, regardless whether a writ of *audita querela* might be appropriate in some cases, this Court lacks jurisdiction to issue a writ here.

Second, the law in this Circuit forecloses issuing a writ of *audita querela* based upon a convicted defendant's equitable objection to her conviction.  To the extent such a writ is available at all in a criminal case, it is available only "in very limited circumstances."  E.g., United States v. LaPlante, 57 F.3d 252, 253 (2d Cir.1995).  Specifically, the writ "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."[2]  E.g., United States v. Collins, 373 Fed. App'x 94, 94 (2d Cir. 2010) (emphasis added); accord, e.g., United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007).  Because the petitioner does not raise a legal objection to her conviction, the writ is unavailable.

Nevertheless, Amica Curiae argues that the Second Circuit has "not had the opportunity to engage in any independent analysis of the issue" of whether *audita querela* relief is available in the "purely equitable context."  (Amica Br. at 11.)  As the citations above demonstrate, the Circuit has considered the issue and rejected Amica Curiae's approach.  Indeed, in Tablie, which Amica Curiae cites, the district court denied a defendant's request for a writ of *audita querela* to vacate his 10-year-old conviction for equitable reasons, and the defendant did not appeal that holding.  166 F.3d at 506.  And the Tablie court, in reversing the district court's related decision to expunge the defendant's conviction under the AWA, relied heavily on Doe v. INS, 120 F.3d 200 (9th Cir. 1997), which held there is no legal basis to issue a writ of *audita querela* to expunge a conviction for "purely equitable reasons."

Amica Curiae's contention that this Court need not follow the law in the Second Circuit is built on a handful of district court cases from other circuits.  That reliance is misplaced.  Other circuit courts have recognized, just as has the Second Circuit, that the writ of *audita querela* is "unavailable to those who seek it on purely equitable grounds," as the petitioner does here.  E.g., United States v. Hovsepian, 359 F.3d 1144, 114 (9th Cir. 2004) (en banc).[3]  Notably,

---

[2] The Second Circuit also has held the writ "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both [28 U.S.C.] § 2255 and § 2244."  Collins, 373 Fed. App'x at 94.  The petitioner does not seek relief under either statute, and neither petitioner nor Amica Curiae has raised any question, let alone a "serious" one, implicating a constitutional question related to those statutes.

[3] Accord, e.g., United States v. Johnson, 962 F.2d 579 (7th Cir. 1992) ("Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief" through a writ of *audita querela*); United States v. Holder, 936 F.2d 1, 3 (1st Cir. 1991) ("the writ of audita querela does not and cannot, under any stretch of imagination, provide a purely equitable basis for relief independent of any legal defect in the underlying judgment"); United States v. Ayala, 894 F.2d 425,430 (D.C.Cir.1990); but see Ejelonu v. INS, 355 F.3d 539, 548 (6th Cir. 2004) (vacated after petition for rehearing en banc) ("we may mitigate a judgment's collateral consequences through a writ of audita querela issued for equitable reasons").

the district court case on which Amica Curiae primarily relies, United States v. Salgado, 692 F. Supp. 1265 (E.D. Wash. 1988), was explicitly rejected by the Ninth Circuit in Doe v. INS:

> The Salgado [court], we agree with each of our sister circuits to address the issue, misconstrued the scope of the writ. . . . [A]udita querela is not a wand which may be waved over an otherwise valid criminal conviction, causing its disappearance; rather, it provides relief from the consequences of a conviction when a defense or discharge arises subsequent to entry of the final judgment. The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief. . . . [A] writ of *audita querela*, if it survives at all, is available only if a defendant has a legal defense or discharge to the underlying judgment.

Id. at 204-205 (internal quotations omitted) (emphasis added).[4]

Amica Curiae also asserts that the writ of *audita querela* was historically granted on "purely equitable grounds." (Amica Br. at 12-14.) Regardless of the historical law, this Court should apply the current law. But the historical practice does not seem as clear as Amica Curiae suggests it is. Many of the historical cases cited by Amica Curiae establish merely the non-controversial proposition that the remedy granted through a writ of *audita querela* may be equitable in nature, such as an injunction, not that a writ may be issued for equitable reasons such as a judgment becoming burdensome. (See Amica Br. 13 n.28.) For example, Amica

---

[4] The other cases Amica Curiae cites fare no better. (See Amica Br. 5-6.) Reliance on United States v. Grajeda-Perez, 727 F. Supp. 1374 (E.D. Wash. 1989), is foreclosed by Doe v. INS. The holding of United States v. Ghebreziabher, 701 F. Supp. 115 (E.D. La. 1988), was directly rejected by the Fifth Circuit in United States v. Reyes, which held that "*audita querela* is not available to vacate an otherwise final criminal conviction on purely equitable grounds. Such a novel remedy strains the traditional bounds of *audita querela* too far and presents serious separation-of-powers concerns." 945 F.2d 862, 866-67 (5th Cir. 1991). Next, United States v. Khalaf, 116 F. Supp. 2d 210, 217 (D. Mass. 1999), actually held that "[t]he writ of *audita querela* does not provide a purely equitable basis for relief independent of any legal defect in the underlying judgment. . . . Thus, the writ will not issue in the absence of a legal objection to a criminal conviction." And Villafranco v. United States held that a defendant seeking vacatur of a criminal conviction pursuant to a writ of *audita querela* must show "a matter of valid defense or discharge arising only after the entry of the judgment in his criminal proceeding," which the petitioner here has not shown. 2006 WL 1049114, at *6-*11 (D. Utah Apr. 18, 2006). Finally, although the Sixth Circuit in Ejelonu v. INS, 355 F.3d 539, 548 (6th Cir. 2004), held that "we may mitigate a judgment's collateral consequences through a writ of audita querela issued for equitable reasons," the Sixth Circuit subsequently vacated that opinion without comment based on a petition for rehearing en banc. Order, Ejelonu, No. 01-3928 (6th Cir. July 27, 2004), ECF No. 71. And the "equitable" issues the Ejelonu court considered included that "this entire proceeding is founded upon illegally-obtained evidence," a consideration that more closely resembles the sorts of legal error, rather than purely equitable concerns, other circuits have held might support a writ of *audita querela*.

Curiae asserts that Oliver v. City of Shattuck, 157 F.2d 150, 153 (10th Cir. 1946), supports "the proposition that *audita querela* relief can be issued on solely equitable grounds" of the kind asserted by the petitioner. (Amica Br. at 13.) But in that case, the Tenth Circuit explained that "courts have never hesitated to grant equitable relief against a judgment, if to execute it would give the judgment creditor an unconscientious advantage procured through his own fraud or some excusable mistake, or unavoidable accident on the part of the judgment debtor." Id. (emphasis added). The court then remanded the case so that the district court could consider the enforceability of a prior oral agreement between the parties that might have given the appellant relief from a judgment. Neither Oliver nor any other historical case Amica Curiae identifies granted a writ of *audita querela* just because a judgment was burdensome.[5]

\*   \*   \*

For the foregoing reasons, this Court should not issue a writ of *audita querela* based upon the petitioner's motion to expunge the records of her valid felony convictions on purely equitable grounds.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:    /s/ David K. Kessler
David K. Kessler
Assistant U.S. Attorney
(718) 254-7202

cc: Mitchell A. Golub, Counsel for Petitioner (by ECF)
Todd R. Geremia, Counsel for Amica Curiae (by ECF)

---

[5] In Lovejoy v. Weber, the Supreme Judicial Court of Massachusetts explained that, with respect to the writ of *audita querela*, "[t]he remedy is said to be in the nature of a bill in equity" but that "[a]n allegation of fraud and deceit seems to be essential, and the case supposed must be one where legal process has been abused." 10 Mass. 101, 103-04 (Mass. 1813) (emphases added). In other words, where an abuse of the legal process has occurred, an equitable remedy may be available. Similarly, in Bryant v. Johnson, the Supreme Court of Maine explained that a writ of *audita querela* may be available where "a defendant had good matter to offer in defense [of a judgment rendered], but had no opportunity to offer it before judgment against him." 24 Me. 304, 306 (Me. 1844). These scenarios, each of which involves a grant of equitable relief based upon a legal defect in the underlying judgment, are fundamentally different from the one raised by the petitioner in this case: She does not argue that she was denied some opportunity to challenge the judgment of conviction, only that the judgment makes it difficult to find employment.